NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORTHBAY WELLNESS GROUP, INC., a corporation, | No. 13-17381 |
| Appellant, | D.C. No. 3:11-cv-06255-JSW |
| v. | MEMORANDUM[*] |
| MICHAEL KENNETH BEYRIES, | |
| Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted January 14, 2015
San Francisco California

Before: M. SMITH, NGUYEN, and FRIEDLAND, Circuit Judges.

Northbay Wellness Group brought an adversary proceeding against Michael

Beyries in the United States Bankruptcy Court for the Northern District of

California. After the bankruptcy court dismissed the adversary proceeding,

Northbay appealed to the United States District Court for the Northern District of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

California. The district court affirmed the dismissal, and Northbay appeals the district court's decision. We review the district court's decision in an appeal from the bankruptcy court de novo. *Mano-Y & M, Ltd. v. Field (In re The Mortgage Store, Inc.)*, 773 F.3d 990, 994 (9th Cir. 2014). In doing so, we apply the same standard of review to the bankruptcy court's decision as did the district court. *Id.* We review findings of fact for clear error and conclusions of law de novo. *Id.* We review the bankruptcy court's evidentiary rulings for abuse of discretion. *Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805, 811 (9th Cir. 2008).

The bankruptcy court did not abuse its discretion by excluding evidence through which Northbay intended to show that Beyries had "a pattern of ongoing practice of fraud upon the courts and attorney misconduct." Such evidence of Beyries's general dishonesty was not clearly relevant to Northbay's allegations of Beyries's specific wrongdoing against Northbay, and it was excludable as improper character evidence. *See* Fed. R. Evid. 401, 404(a)(1).

To the extent Northbay argues that the bankruptcy court erred by failing to grant a warrant request for a witness who failed to appear, refusing to dismiss Beyries's bankruptcy petition, and contradicting the *Rooker-Feldman* doctrine, we deem those arguments waived because Northbay mentions them only in passing

2

and has not supported them with citations to the record or to case authority.   *See*

*United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010).

Because we reverse the bankruptcy court's application of the doctrine of

unclean hands for the separate reasons in our concurrently filed opinion, we need

not reach Northbay's argument that the bankruptcy court erred in declining to

apply issue preclusion to Beyries's unclean hands defense.

The judgment of the bankruptcy court is **REVERSED IN PART** as to its

application of the doctrine of unclean hands, and **AFFIRMED IN PART** on all

other issues.   Each party will bear its own costs on appeal.